FRENCH et al. v. UNION PAC. RY. CO. et al.

(Circuit Court, S. D. New York. February 22, 1899.)

RECEIVERS — SUIT AGAINST IN ANOTHER JURISDICTION — POWER OF COURT TO CONTROL ACTION.

A court has no jurisdiction in a suit by a creditor of an insolvent corporation against receivers appointed by another court, though the suit is brought by leave of such court, to compel the receivers to pursue any particular course for the recovery of property or assets of the corporation, nor to control them in the management of the property, as such matters belong exclusively to the court, and in the cause in which they were appointed.[1]

This was a suit in equity by Josiah B. French and others against the Union Pacific Railway Company, its receivers, and others. Heard on demurrer of the receivers to the bill.

George H. Yeaman, for plaintiffs.

Artemas H. Holmes, for defendants.

[1] As to suits by and against receivers of federal courts, see note to Plow Works v. Finks, 26 C. C. A. 49.

WHEELER, District Judge.  The orators are alleged to be, respectively, holders of mortgage bonds of the Leavenworth, Topeka & Southwestern Railway Company, guarantied by the defendant the Union Pacific Railway Company, upon which they are compelled to rely for security, and against which two of them have obtained judgments upon their respective guaranties, in the city court of the city of New York, that remain unsatisfied.  Several of the defendants are receivers of the Union Pacific Railway Company; and several others are a reorganization committee in the formation of the Union Pacific Railroad Company, as the successor of the Union Pacific Railway Company.  The bill further alleges that but 16 per cent. of the subscriptions to the capital stock of the Union Pacific Railway Company was paid in; that many millions of stocks and bonds owned by the Union Pacific Railway Company were deposited as collateral security with J. Pierpont Morgan & Co.; that 15 per cent. of the subscriptions to the capital stock has been paid to the reorganization committee; that the receivers have been requested to recover this property and money, and the balance of the subscriptions, for the satisfaction of the guaranties of the orators, all which has been refused; and that leave to bring this suit against the receivers has been granted by the court that appointed them.  The receivers have demurred to the bill, and the demurrer has now been heard.

The granting of leave to bring this suit does not confer upon this court any jurisdiction to grant in this suit any relief which does not belong to such a suit, nor give to the court in this cause any part of the merely administrative power of the court over its receivers in that cause.  The orators are, according to the bill, merely unsecured creditors of the Union Pacific Railway Company, with the right to reach the unincumbered assets of that company, and the excess of incumbered property over the incumbrances, for the satisfaction of their claims.  The receivers are complained of here for nonfeasance in their duties merely.  They are not alleged, as the bill is understood, to have interfered with any of the property or rights of the orators, but are charged only with failure to take measures to secure assets of the corporation, of the property of which they are receivers, for the payment of the claims of the orators from such assets, when recovered.  This court cannot in this cause compel the receivers of any court in another cause to pursue any particular course for the recovery of property or assets for any class of creditors, or control them in their management of any such proceedings when taken.  All that necessarily belongs to the court whose receivers they are, and it cannot with propriety and safety be assumed by any other court.  The receivers, as such, in that right, have no interest in the subjects of their receivership, except through the power of the court appointing them; and all right of recovery by them, as such, comes from the power of that court in that cause, and no court in any other cause can set that power in motion.  In this view, the question of misjoinder of plaintiffs, that of the sufficiency of the judgments for reaching equitable assets by those recovering them, and that whether judgments for some would answer for all, are immaterial.  Demurrer sustained.